COMMONWEALTH vs. MICHAEL CALDWELL
(and ten companion cases).

Hampden. September 9, 1994. - November 10, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Jury and Jurors. Practice, Criminal*, Challenge to jurors. *Constitutional Law*, Jury.

In the circumstances of a criminal trial, in which the defendant objected to the Commonwealth's exercise of peremptory challenges to exclude four black members of the venire from the jury, the judge correctly ruled, on the basis of the prosecutor's explanations for each of the challenges, that there were legitimate race-neutral reasons for the exclusion of the jurors. [777-782]

INDICTMENTS found and returned in the Superior Court Department on September 6, 1985.

Pretrial motions to suppress evidence were heard by *William W. Simons*, J., and the cases were tried before *Ernest S. Hayeck*, J., sitting under statutory authority.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Alan Jay Black* for the defendant.

*Judy Zeprun Kalman*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. This case arises out of the conviction of the defendant on thirteen indictments including aggravated rape (three indictments), indecent assault and battery (three indictments), assault with intent to commit rape, kidnapping (two indictments), and assault by means of a dangerous weapon (two indictments).[1] We granted the Common-

---

[1] Two of the defendant's convictions were placed on file with his consent. *Commonwealth* v. *Delgado*, 367 Mass. 432, 437 (1975).

wealth's application for further appellate review following the Appeals Court's ruling that the defendant was denied his right to a fair trial as a result of the Commonwealth's impermissible use of its peremptory challenges.[2] 36 Mass. App. Ct. 570, 572 (1994). We conclude that the Superior Court judge's ruling that the Commonwealth did not use its peremptory challenges to exclude jurors on the basis of race should be upheld.

The Commonwealth exercised peremptory challenges to exclude four black members of the venire from the jury. The defendant objected to these challenges alleging that the prosecutor's challenges were based solely on the jurors' race.

Although the judge did not specifically find that a prima facie case of impropriety had been made, he implicitly recognized that a pattern of discrimination had been established when he requested that the prosecutor supply race-neutral explanations for his challenges. *Commonwealth* v. *Mathews*, 31 Mass. App. Ct. 564, 569 (1991). That a pattern of discrimination existed is also supported by the fact that, as the judge recognized, all of the black members of the venire had been challenged by the prosecutor.

In *Commonwealth* v. *Burnett, ante* 769 (1994), we discussed in detail the principles to be applied in cases of this nature.

We now turn our attention to whether the judge's acceptance of the prosecutor's challenges to the four jurors was correct.

1. *Juror 4-1.* When asked to explain his basis for challenging juror 4-1, the prosecutor stated that he objected to her reactions to the voir dire questions regarding police officers.

---

[2]The Commonwealth's use of peremptory challenges is the only issue before this court. The defendant raised several other issues before the Appeals Court. These issues were decided against the defendant and the defendant did not seek further appellate review. See *Bradford* v. *Baystate Medical Ctr.*, 415 Mass. 202, 204-205 (1993); *McLaughlin* v. *Stackpole Fibers Co.*, 403 Mass. 360, 361 (1988); *Commonwealth* v. *Shea*, 398 Mass. 264, 265 (1986); *Commonwealth* v. *Burno*, 396 Mass. 622, 623 (1986).

He stated that he found her to be "equivocating" in her responses especially when she stated that she would "try to keep an equal weight" with respect to considering the testimony of police officers in relation to the testimony of other witnesses. The prosecutor noted this juror's reaction and hesitation to the several questions about police officers and pointed out that hesitation was not present in this juror's responses to the judge's other questions.

A juror's demeanor and reactions during the voir dire may constitute a sufficient basis for peremptory removal. *Commonwealth* v. *Mathews, supra* at 571. See *Commonwealth* v. *Soares*, 377 Mass. 461, 485 n.27, cert. denied, 444 U.S. 881 (1979). However, the prosecutor must have articulated, on the record, an explanation for the challenge that was not vague and general. *Commonwealth* v. *Mathews, supra.* The prosecutor's explanation for his challenge of juror 4-1, on the basis of her demeanor, goes beyond a mere vague assertion. The prosecutor clearly pointed out that his objection was based on the juror's reactions and demeanor with respect to the questions concerning police officers. See *Commonwealth* v. *Hamilton*, 411 Mass. 313, 317 (1991) (prosecutor's challenge of prospective black juror because of her demeanor and her inconsistent responses to questions was upheld as neutral explanation which pertained to individual qualities). Through this explanation the prosecutor made the requisite link that his challenge was personal to this particular juror and was wholly unrelated to her race. It is apparent that a judge is in a better position than an appellate court to evaluate the legitimacy of the prosecutor's objection based on a juror's demeanor and reactions to certain questions. The judge was able to observe the juror's reactions and was in a better position to determine whether she was equivocating when she answered questions concerning the testimony of police officers. Since the prosecutor's objections to this juror are related to her personal reactions to specific questions as observed by the judge, we shall not disturb his decision upholding the prosecutor's challenge of juror 4-1.

2. *Juror 4-2.* With respect to juror 4-2, the prosecutor initially stated that he did not know whether she was black, and he presumed that she was not black. Although defense counsel suggested that she was black, the judge noted that he also did not think that she was black; nevertheless he asked the prosecutor to explain his objection. The prosecutor stated that he was informed by the police officer who was assisting him that this officer was familiar with the juror's family and that he may have had dealings with the woman's children. The judge had asked the juror if she had ever lived in the north end of Springfield, where these alleged incidents involving her children took place, to which the juror responded that she had lived in that area. In light of the officer's connection with this juror's children and the fact that the juror did not disclose this information on her questionnaire, the prosecutor felt that she was a risk to have on the jury. In addition, the prosecutor stated that the area where this juror used to live is within a few streets of where the defendant resided with his parents. The prosecutor believed that perhaps some members of this juror's family may have known or had some connection with the defendant's family.

We have held that it is permissible to challenge peremptorily a juror based on the fact that she lived in a neighborhood in which the prosecutor had investigated a multiple homicide. *Commonwealth v. Hamilton, supra* at 317. The challenge of juror 4-2 in this case is an analogous situation.

We conclude that the judge did not err in finding that the challenge was personal to this juror and wholly separate from her racial classification.

3. *Juror 4-5.* The prosecutor explained that his challenge of juror 4-5 was based on her limited education. Her questionnaire revealed that her highest level of education was the fifth grade. The prosecutor pointed out that this juror was unable to take the dates of her children's birthdays which she remembered and compute their current ages. Although she might not be unique in this regard, the prosecutor contended that it showed this juror's inability to deal conceptually with fundamental issues. The prosecutor argued that his case

would focus on the relationship between time and moving from place to place. The prosecutor contended that the demeanor of juror 4-5 and the way she handled the voir dire questions raised a concern that she would not be able to grasp some of the concepts which were central to his case.

A peremptory challenge based on a juror's education level is a sufficient justification when the trial is of a complex nature. See *United States* v. *Hinojosa,* 958 F.2d 624, 632 (5th Cir. 1992); *United States* v. *Tucker,* 773 F.2d 136, 142 (7th Cir. 1985), cert. denied sub nom. *Bell* v. *United States,* 478 U.S. 1021, and cert. denied, 478 U.S. 1022 (1986). Although the issues that were central to this case may not be viewed as complex, the prosecutor did demonstrate on the record his concern about this juror's ability to grasp the relevant time concepts in the case and that it would be very difficult to persuade her that the relevant time periods were important. The prosecutor further suggested that her limited education and the possibility that she may not have been able to grasp some of the concepts put forth at trial was apparent in her demeanor, in the way she responded to the juror questionnaire, and in the way she responded to the judge's questions during the individual voir dire. The judge is in the better position to evaluate whether the prosecutor is justified in basing his objection on the juror's demeanor, especially when these objections center around the juror's ability to understand fully the issues to be presented at trial.

We conclude that the judge's acceptance of the prosecutor's explanation for his challenge of the juror was well within the scope of his. authority.

4. *Juror 5-1.* The judge did not require an explanation from the prosecutor for this challenge. The judge stated on the record that juror 5-1 had a trip planned with her husband and that it was valid to challenge her. The juror had indicated on two occasions that it would be difficult for her to serve and therefore it was reasonable to conclude that she would be sitting reluctantly. There did not appear to be any objection by the defendant that this was not a plausible explanation.

Our review indicates that the judge's decision that the prosecutor presented legitimate reasons for the exclusion of the jurors and that they were supported by the record is proper in light of the deference to be afforded to the judge in these circumstances.

*Judgments affirmed.*