COMMONWEALTH vs. RONALD E. BURNETT.

Suffolk. September 9, 1994. - November 10, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Jury and Jurors. Constitutional Law*, Jury. *Practice, Criminal*, Challenge to jurors.

This court stated the procedure to be followed in cases where a criminal defendant raises the issue of the propriety of the prosecutor's exercise of peremptory challenges. [770-772]

At the criminal trial of a black defendant, the prosecutor's peremptory challenge of the only two black persons remaining on the venire was sufficient, on the defendant's objection, to make out a prima facie showing of impropriety and, where the prosecutor failed to provide a race-neutral reason for one of those challenges, the judge should have disallowed it and seated the juror: the defendant was entitled to a new trial. [772]

INDICTMENTS found and returned in the Superior Court Department on March 12, 1990.

The cases were tried before *Sandra L. Hamlin*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*George E. Hazel* for the defendant.

*Paul B. Linn*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant appeals from his convictions of robbery, assault and battery, and threatening to commit assault and battery. The Appeals Court held that the Commonwealth impermissibly exercised one of its peremptory challenges and reversed. 36 Mass. App. Ct. 1 (1994). We granted the Commonwealth's application for further appellate review, and now conclude, for substantially the same reasons as stated in the opinion of the Appeals Court, that

the Commonwealth improperly exercised a peremptory challenge. We reverse the judgments of the Superior Court.

Of the five indisputably black individuals in the venire, three stated that they could not be fair and impartial and they were excused for cause. The Commonwealth exercised two of its peremptory challenges to exclude the two remaining black jurors. The defendant argued that these two black jurors were impermissibly challenged based on bias presumed to derive from their race.

When the defendant objected to the prosecutor's peremptory challenges to the only two remaining black jurors, the judge did not make a finding that the defendant had made a sufficient showing of impropriety but responded by asking the prosecutor whether she wanted to say anything. The prosecutor then stated the reasons for her peremptory challenges. With respect to juror 9-6, the prosecutor stated that she challenged him because he listed his occupation as a director of a youth services program, and it was her view that "people who work with young people have certain feelings about youth and crime." With respect to juror 11-11, the prosecutor felt that the juror's answers to the judge's questions demonstrated a hostility toward the court and to the proceedings.

The judge agreed with the Commonwealth's characterization of juror 11-11. The judge did not make any rulings with respect to the validity of the prosecutor's explanation for challenging the youth service worker. Although we have no material disagreement with the reasoning of the Appeals Court, we reiterate the procedure to be followed in these cases in order to eliminate or to reduce to a minimum unnecessary and expensive retrials.

We start with the presumption that the peremptory challenges are made properly. This presumption, however, may be rebutted by a showing that: (1) a pattern of conduct has developed whereby prospective jurors who have been challenged peremptorily are members of a discrete group; and (2) there is a likelihood that they are being excluded from the jury solely on the basis of their group membership. *Com-*

*monwealth* v. *Soares*, 377 Mass. 461, 490, cert. denied, 444 U.S. 881 (1979). We have pointed out that the challenge of a single prospective juror within a protected class could constitute a prima facie case of impropriety. *Commonwealth* v. *Fryar*, 414 Mass. 732, 738 (1993). When the issue of improper peremptory challenges is raised, the trial judge should make a finding as to whether the requisite prima facie showing of impropriety has been made. See *Batson* v. *Kentucky*, 476 U.S. 79, 96-97 (1986); *Commonwealth* v. *Soares, supra*; *Commonwealth* v. *Mathews*, 31 Mass. App. Ct. 564, 569 (1991).

Once a defendant makes a sufficient showing of impropriety, the burden shifts to the prosecutor to provide a group-neutral reason for challenging the venireperson in question. *Commonwealth* v. *Fryar, supra* at 739. Although the prosecutor's explanation does not have to rise to the level of specificity required for a removal for cause, general assertions are not enough. See *Commonwealth* v. *Soares, supra* at 491; *Commonwealth* v. *Mathews, supra* at 568, citing *Batson* v. *Kentucky, supra* at 97. "The prosecutor must give a 'clear and reasonably specific' explanation of his 'legitimate reasons' for exercising the challenges." *Batson* v. *Kentucky, supra* at 98 n.20, quoting *Texas Dep't of Community Affairs* v. *Burdine*, 450 U.S. 248, 258 (1981). The reasons must be "personal to the juror and not based on the juror's group affiliation." *Commonwealth* v. *Young*, 401 Mass. 390, 401 (1987), citing *Soares, supra* at 488. After hearing the prosecutor's explanations, the judge must then decide whether the challenges were exercised improperly because they were based on the juror's membership in a discrete group. Once the judge decides that an adequate reason exists for exercising the challenge, an appellate court will accord substantial deference to the decision if it is supported by the record. *Commonwealth* v. *Fryar, supra* at 740. See *Batson* v. *Kentucky, supra* at 98 & n.21; *Commonwealth* v. *Soares, supra.*

After the prosecutor offered an explanation for her challenges, the judge should have specifically determined whether they were bona fide or a mere sham. See *Commonwealth* v.

*Fryar, supra* at 739; *Commonwealth* v. *Soares, supra* at 491. Only when this procedure has been followed will an appellate court give due deference to the judge's conclusions.

For the reasons stated by the Appeals Court, the judge should not have accepted the prosecutor's peremptory challenge of juror 9-6 as race-neutral. Since juror 9-6 was impermissibly challenged on the basis of his race, the defendant was denied his constitutional right to jury selection free from discrimination. The judgments are reversed, the verdicts are set aside, and the cases are remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*