COMMONWEALTH *vs.* ROBERT FUTCH
(and a companion case[1]).

Nos. 94-P-74 & 92-P-409.

Suffolk. June 1, 1994. - February 27, 1995.

Present: BROWN, KAPLAN, PERRETTA, JACOBS, GILLERMAN, & PORADA, JJ.

*Jury and Jurors. Practice, Criminal*, Challenge to jurors, Fair trial. *Constitutional Law*, Jury.

At a criminal trial in which the defendant contested the prosecutor's peremptory challenges of four of the six prospective black jurors, where the judge made no findings with respect to the prima facie showing of impropriety or with respect to the sufficiency of the reasons for the challenges given by the Commonwealth, the defendants were entitled to a new trial. [175-178]

INDICTMENTS found and returned in the Superior Court Department on March 16, 1989.

The cases were tried before *Barbara J. Rouse*, J.

*Damon J. Borrelli* for Robert Futch.

*Richard J. Shea* for Gregory Bruce Taylor.

*Kenneth H. Anderson, Jane Woodbury & Marcy Cass*, Assistant District Attorneys, for the Commonwealth.

BROWN, J. A Superior Court jury convicted the defendants of armed assault in a dwelling house with intent to commit a felony (G. L. c. 265, § 18A), and of armed robbery while masked (G. L. c. 265, § 17). The jury acquitted the

---

[1]Commonwealth *vs.* Gregory Bruce Taylor. We withdrew our previous decision on Taylor's appeal issued pursuant to Rule 1:28, 35 Mass. App. Ct. 1110 (1993), regarding the peremptory challenge issue because justice requires an identity in the result for both Taylor and Futch. See in this regard, *Commonwealth v. Soares*, 377 Mass. 461, 492 n.37, cert. denied, 444 U.S. 881 (1979). The *Taylor* case was initially heard by a panel comprising Justices Perretta, Gillerman, and Kaplan. All six judges took part in this joint decision.

defendants on a second count of armed robbery and on an indictment charging assault and battery with a dangerous weapon. On appeal, both defendants claim that their constitutional right to an impartial jury was impaired by the prosecutor's improper exercise of peremptory challenges to exclude four black persons from the jury; in addition, Taylor alleges he was prejudiced by the trial judge's order placing a court officer in proximity to the defendant when he testified.[2]

The jury empanelment process spanned two days. Apparently, none of the challenges exercised by the prosecutor on the first day concerned minorities, although the defendant challenged a black juror on that day whom the Commonwealth had not challenged. On the second day, the prosecutor exercised six challenges, four of which were of minorities (three black men and a black woman). Defense counsel objected that the Commonwealth was impermissibly using its challenges to exclude minorities from the panel. The parties are not in dispute that, following these challenges, there was one black person (a woman) remaining on the panel.

The Commonwealth challenges of four of the six prospective black jurors,[3] constituted a prima facie showing of impropriety. *Commonwealth* v. *Harris*, 409 Mass. 461, 464 (1961) (evidence of a pattern of challenges of members of the same discrete group as the defendant is sufficient to rebut the presumption of proper use of challenges). One can presume that the judge made an implicit finding to that effect because she asked the prosecutor to explain her reasons. *Commonwealth* v. *Mathews*, 31 Mass. App. Ct. 564, 569 (1991). The judge accepted the reasons offered by the prosecutor. The question presented is whether those reasons suffice.

As to juror #3, the prosecutor observed that he had not filled out one answer on the juror questionnaire and that he

---

[2]Deciding as we do, we need not reach this issue. See in this regard, *Commonwealth* v. *Brown*, 364 Mass. 471 (1973).

[3]As noted, one black woman remained on the jury. Another black person was apparently challenged by the defense, after the Commonwealth did not challenge the juror in question.

had failed to list his occupation on three of the boxes. In addition, the prosecutor stated that juror #3 was drifting off as though he were sleeping, and she indicated that his name was familiar to her; perhaps the juror might have been prosecuted in the past. As to juror #4, the prosecutor gave as her reasons for challenge that he avoided eye contact with her. She also mentioned his appearance. With respect to juror #12, the prosecutor explained that the juror did not arrive until 10:30 A.M. (the court had recessed after the first empanelment session until 10:00 A.M. the next morning), suggesting to the prosecutor that the juror might be indifferent to her civic responsibility. Finally, the prosecutor explained that she challenged juror #13 on the basis of his deportment. On the previous day, he was "laughing and joking around during the course of the proceedings." The judge accepted the Commonwealth's reasons for the challenges "as not being related to race." See note 4, *infra.*

The defendants, stressing that the prosecutor challenged slightly over sixty-six percent of the black persons in the venire, claim that the reasons expressed for the challenges in question were "so insubstantial that they did not negate the prima facie case of discrimination." The defendants complain, among other things, about the "absence of any considered findings" by the trial judge and her "too quick acceptance of the prosecutor's reasons" for the removal of prospective jurors.[4] We think that the instant circumstances are controlled in material respects by the reasoning set out *Commonwealth* v. *Burnett*, 36 Mass. App. Ct. 1, 3-5, *S.C.*, 418 Mass. 769 (1994). See and compare *Commonwealth* v. *Mathews*, 31 Mass. App. Ct. at 570-572. See also *Commonwealth* v. *Carleton*, 418 Mass. 773, 775 (1994). Contrast *Commonwealth* v. *Caldwell*, 418 Mass. 777, 782 (1994).

---

[4] "[T]he trial judge should make a determination, preferably with findings, whether the requisite prima facie showing of impropriety has been made. If the showing is adequate in the judge's view, [she] should proceed to determine the sufficiency of any justification advanced for the exercise of the challenge." *Commonwealth* v. *Mathews*, 31 Mass. App. Ct. 564, 569 (1991) (citations omitted). For example, at a minimum, the reason for the late arrival of juror #12 should have been explored.

"[O]nce the party contesting a peremptory challenge rebuts the ordinary presumption that the challenge was properly used by making a showing of an improper basis for the challenge, the challenging party must provide, if possible, a neutral explanation establishing that the challenge is unrelated to the prospective juror's group affiliation." *Commonwealth v. Harris*, 409 Mass. at 464. See *Commonwealth v. Mathews*, 31 Mass. App. Ct. at 568. For the purposes of peremptory challenges, the term "neutral" is defined as a reason which is not present in those nonminority panel members not struck by the Commonwealth. See *United States v. Wilson*, 853 F.2d 606, 610 (8th Cir. 1988).

It was incumbent on the trial judge to undertake a "meaningful evaluation of the reasons given" by the Commonwealth for making the challenges. *Commonwealth v. Mathews*, 31 Mass. App. Ct. at 571. The judge must determine "the sufficiency of any justification advanced for the exercise of the challenge." *Id.* at 569. See *Batson v. Kentucky*, 476 U.S. 79, 96-98 (1986); *Commonwealth v. Soares*, 377 Mass. 461, 491, cert. denied, 444 U.S. 881 (1979). "After the prosecutor offered an explanation for her challenges, the judge should have specifically determined whether they were bona fide or a mere sham." *Commonwealth v. Burnett*, 418 Mass. at 771-772, and cases cited. *Commonwealth v. Harris*, 409 Mass. at 467-468. This was not done.[5] See *United States v. Wilson*, 853 F.2d at 612-613. Compare *Commonwealth v. Matteo*, 12 Mass. App. Ct. 547, 551-553 (1981) ("reason stated was not the real one"); *Commonwealth v. Joyce*, 18 Mass. App. Ct. 417, 423-424 (1984) ("sham excuses").

Not only was this not done, but the judge compounded the error by foreclosing any rebuttal by defense counsel (the judge stated that she was "not going to allow any debate

---

[5]The failure of a trial judge to spread upon the record her basis for rejecting (or accepting) reasons proffered for peremptory challenges (alleged to be improperly exercised) obviates an appellate court's function to review whether there has been "meaningful evaluation of the reasons given." *Commonwealth v. Mathews*, 31 Mass. App. Ct. at 571.

over this").[6] Cf. *United States* v. *Thompson*, 827 F.2d 1254, 1260-1261 (9th Cir. 1987). By so doing, the defendants were thwarted in their attempt to show that reasons offered by the prosecutor did not "pertain to the individual qualities of the prospective juror[s]." *Commonwealth* v. *Soares*, 377 Mass. at 491. "[D]efendant[s] must be given the chance to rebut the proffered explanation as a pretext." *United States* v. *Wilson*, 816 F.2d 421, 423 (8th Cir. 1987). The defendants are entitled to a new trial.

*Judgments reversed.*
*Verdicts set aside.*

---

[6]Where the Commonwealth's proferred reasons (particularly those here addressed to juror #4) could fairly be characterized as "vague and general," or even considered to be thinly transparent, see *Commonwealth* v. *Mathews*, 31 Mass. App. Ct. at 571, the need for further explication on the record is a fortiori.