COMMONWEALTH vs. DAVID P. CURTISS.

Berkshire. September 9, 1996. - January 9, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, O'CONNOR, GREANEY, FRIED, &
MARSHALL, JJ.

*Jury and Jurors. Constitutional Law,* Jury. *Practice, Criminal,* Jury and
jurors, Empanelment of jury, Challenge to jurors, Argument by prosecu-
tor.

At a rape trial in which the victim was a black woman, the judge's decision
on his own motion to disallow the defendant's peremptory challenge of
the only black prospective juror in two venire panels called was proper,
where the record reflected that the judge implicitly recognized that a
prima facie showing of impropriety existed and that the judge satisfied
his responsibility to determine whether the reason advanced to support
the challenge was "bona fide or a sham." [80-83] FRIED, J., dissenting,
with whom LYNCH & O'CONNOR, JJ., joined.

At a criminal trial there was no error in the prosecutor's closing argument
which was based on the evidence and otherwise proper. [83]


INDICTMENTS found and returned in the Superior Court
Department on March 20, 1992.

The cases were tried before *William W. Simons,* J. '

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Patricia A. O'Neill* for the defendant.

*Eric Neyman,* Assistant District Attorney, for the Com-
monwealth.

ABRAMS, J. Convicted of rape and indecent assault and
battery, the defendant appealed to the Appeals Court. A
divided panel of the Appeals Court determined that the judge
erroneously disallowed the defendant's peremptory challenge
to a black man on the venire where the complainant was
black and the defendant white. The Appeals Court ordered a
new trial. *Commonwealth* v. *Curtiss,* 40 Mass. App. Ct. 350
(1996). We allowed the Commonwealth's application for fur-
ther appellate review. We conclude that the trial judge's deci-

sion to disallow the peremptory challenge should be affirmed. We also conclude that there was no reversible error in the prosecutor's closing argument. We affirm the defendant's convictions.

On February 19, 1992, a mentally impaired twenty-nine year old black woman left a local bar with the defendant, David P. Curtiss. According to the victim, the defendant took her to his car, drove to a nearby neighborhood, pulled off her undergarments and sexually assaulted her and committed two acts of forced intercourse. The defendant then drove the victim across the State border and left her in a rural area of New York. After entering a bar and telephoning her sister in Pittsfield, the victim talked with police and said she had been raped. The defendant denied raping the victim, claiming that she had consented.

The Appeals Court concluded that the judge erred by failing to make an initial determination that a prima facie case of impropriety was shown at the time that the peremptory challenge was exercised. We do not agree that this omission was fatal. We conclude that the judge's comments are sufficient to support his determination to disallow the peremptory challenge.

*The peremptory challenge.* Jury empanelment occurred over the course of two days, during which time the judge conducted an individual voir dire of prospective jurors at the defendant's request. The juror whose participation was challenged by the defendant (juror X) was examined on the second day of empanelment. He was the only black person on either panel of potential jurors. Complying with defense counsel's request, the judge asked juror X about his wife's employment with the Department of Social Services (DSS) to ascertain whether her employment as a direct care worker might influence his ability to return an impartial verdict. Juror X indicated that he could be impartial. The defendant exercised a peremptory challenge to challenge the juror.

A single peremptory challenge can constitute a prima facie showing that rebuts the presumption of proper use. See *Commonwealth* v. *Fryar,* 414 Mass. 732, 738 (1993). *Commonwealth* v. *Harris,* 409 Mass. 461, 465-466 (1991). *Commonwealth* v. *Mathews,* 31 Mass. App. Ct. 564, 569 (1991). The judge correctly recognized that "the challenge of

a single prospective juror within a protected class [may], in some circumstances, constitute a prima facie case of impropriety." *Commonwealth* v. *Fryar, supra.*

The judge, on his own initiative, asked defense counsel to "justify [the challenge] with something more than just a peremptory challenge [in] these circumstances." Defense counsel expressed his concern that juror X would somehow be influenced by his wife's participation in the DSS which encompassed "people who are very deeply concerned with sexual abuse, and that gives people a particular point of view in those types of cases." The judge noted that the potential juror himself was not an employee of DSS, that there was no DSS involvement, and that the alleged victim was not a child.

The judge declared that he would "rule that your challenge is inappropriate [in] these circumstances." He said, "Let me put it this way. I think the circumstances of this case and the fact that two panels, two arrays, and two separate days produced but one black potential juror, eliminates the need for establishing a pattern and requires me to make a judgment as to whether your challenge has a nonracial basis. The fact that this man's wife works for a department of the [S]tate that investigates, among other things, children victims and family victims, is insufficient to take it out of the area of a potential challenge based on racial grounds. Now, I want to be careful. I'm not accusing counsel of doing something improper in the sense that he should be admonished, but I am sensitive to the need for there to be a racial balance." Over defense counsel's objection, juror X was seated and was sworn as a juror.

We begin with the assumption that the exercise of a peremptory challenge is proper. This assumption is rebuttable, however, on a showing that (1) there is a pattern of excluding members of a discrete group and (2) it is likely that individuals are being excluded solely on the basis of their membership within this group. See *Commonwealth* v. *Soares*, 377 Mass. 461, 490, cert. denied, 444 U.S. 881 (1979). See also *Commonwealth* v. *Hamilton*, 411 Mass. 313, 316 (1991); *Commonwealth* v. *Wood*, 389 Mass. 552, 561 (1983); *Commonwealth* v. *Reid*, 384 Mass. 247, 254 (1981).

Confronted with a claim that a peremptory challenge is being used to exclude members of a discrete group, the judge must "determine whether to draw the reasonable inference

that peremptory challenges have been exercised so as to exclude individuals on account of their group affiliation." *Soares, supra* at 490. If the judge so determines, the challenging party must give the judge reasons justifying his exercise of a peremptory challenge which "pertain to the individual qualities of the prospective juror and not to that juror's group association." *Id.* at 491. See *Batson* v. *Kentucky*, 476 U.S. 79, 94 (1986). The trial judge then decides whether the challenging party has satisfied his burden by determining whether the proffered neutral reasons are bona fide or "sham excuses belatedly contrived to avoid admitting facts of group discrimination." *Soares, supra* at 491, quoting *People* v. *Wheeler*, 22 Cal. 3d 258, 282 (1978). See *Batson, supra* at 98.

In *Commonwealth* v. *Burnett*, 418 Mass. 769, 771 (1994), we added to the procedure by requiring the judge to make a finding as to whether an initial prima facie showing of impropriety was established and specifically to determine whether the reasons advanced by the exercising party were "bona fide or a mere sham."[1] We did so in an effort to minimize the necessity for lengthy appellate examinations and retrials springing from confusion over jury selection. See *Commonwealth* v. *Green*, 420 Mass. 771, 776 (1995). See also *Purkett* v. *Elem*, 514 U.S. 765, 768-769 (1995).[2] Then, assuming a race-neutral reason is offered, the trial judge has the responsibility to determine whether, despite the justifications given, "purposeful racial discrimination" exists. *Id.*

Immediately after the defense announced its intent to exercise a peremptory challenge, the judge noted for the record that juror X was the only black juror on either venire panel. He then asked defense counsel to provide him with some justification for the challenge. The defendant proffered the reason that the juror's wife was employed by the DSS. By

---

[1]This case was tried prior to our decision in *Commonwealth* v. *Burnett*, 418 Mass. 769 (1994).

[2]The Supreme Court said that the basis for denying these peremptory challenges is the right of jurors "to participate in the administration of the law" without regard to their race, gender, or any "group stereotype[] rooted in, and reflective of, historical prejudice" under the equal protection clause of the Fifth Amendment's due process clause. *Strauder* v. *West Virginia*, 100 U.S 303, 308 (1880). *J.E.B.* v. *Alabama ex rel. T.B.*, 511 U.S. 127, 128 (1994). See *Edmonson* v. *Leesville Concrete Co.*, 500 U.S. 614, 618 (1991); *Powers* v. *Ohio*, 499 U.S. 400 (1991).

requiring defense counsel to explain his reasons, and by consciously providing the record with an explanation for his actions, the judge implicitly recognized that a prima facie showing of impropriety existed.

The judge recognized his responsibility "to make a judgment as to whether [the] challenge has a nonracial basis." Although defense counsel stated that his peremptory challenge was motivated by nonracial considerations, the judge was entitled to disbelieve him.[3] See *Commonwealth* v. *Fruchtman*, 418 Mass. 8, 15, cert. denied, 513 U.S. 951 (1994); *Purkett, supra* at 769; *Commonwealth* v. *DiMatteo*, 12 Mass. App. Ct. 547, 553 (1981) ("reason stated was not the real one"). The judge rejected the defendant's reason stating: "I'm not convinced. I don't think there's such a basis." The judge did not specifically reject the reason given as not a bona fide reason or as a sham. Nevertheless, we think that the judge's statements taken as a whole support such a determination. Considering the fact that the potential juror himself did not work for the DSS, that there was no DSS involvement, and that the case turned on the issue of consent by an adult, the judge's comments justify his determination not to allow the challenge.[4]

"The determination whether the defendant's explanation of each challenge was sufficient to establish a nondiscriminatory basis was within the judge's discretion. . . . 'Sorting out whether a permissible or impermissible reason underlies a peremptory challenge is the function of the trial judge, and we do not substitute our judgment for his if there is support for it on the record.' " *Fruchtman, supra* at 15, quoting *DiMatteo, supra* at 552. The judge's comments sufficiently satisfied

---

[3]When defense counsel brought up his concern regarding juror X's wife, the judge and the prosecutor discussed DSS's role as an agency. The judge noted that there was no DSS involvement and the case did not involve a child.

[4]While the judge did not use the key words "bona fide" or "sham," see *Commonwealth* v. *Soares*, 377 Mass. 461, 491, cert. denied, 444 U.S. 881 (1979), which we prefer because they aid us in our review, in the circumstances of this case, the judge's statements that defense counsel's explanations were "inappropriate" meets the standard of pretext or a sham which is entitled to deference. See *Batson* v. *Kentucky*, 476 U.S. 79, 98 n.21 (1986); *Commonwealth* v. *Valentin*, 420 Mass. 263, 269 (1995).

his responsibility to determine whether the reason advanced by the challenging party was "bona fide or a sham."[5]

*The prosecutor's closing argument.* The defense also claims that reversible error occurred during the course of the prosecutor's closing argument. We do not agree. The statements regarding mental capacity and the semen samples summarized evidence that had been introduced during the trial and drew logical conclusions based on that evidence. *Commonwealth* v. *Andrews*, 403 Mass. 441, 457 (1988). With respect to the claim of vouching, the prosecutor noted that the jurors were the ultimate arbiters whether reasonable doubt was present. He "interjected no extraneous material or belief but expressed the prosecutor's view of the strength of the evidence. This was proper argument." *Commonwealth* v. *Smith*, 387 Mass. 900, 907 (1983), citing *Commonwealth* v. *Daigle*, 379 Mass. 541, 550 (1980), and *Commonwealth* v. *Stone*, 366 Mass. 506, 516 (1974). See *Commonwealth* v. *Kozec*, 399 Mass. 514 (1987). There was no error.

*Judgments affirmed.*

FRIED, J. (dissenting, with whom Lynch and O'Connor, JJ., join). Of the ten appellate judges who have reviewed these convictions five would affirm and five would reverse. It would seem, however, that we all agree on the two principles of law that control here: First, a peremptory challenge may not be exercised either by the Commonwealth or by the defense to exclude a juror solely on grounds of that juror's race. Second, a defendant has no right to be judged by, nor a juror to sit on, a jury that in a particular case is representative of, or "looks like" the community from which the jury are drawn. The trial judge, by manipulating what peremptory challenges he will or will not accept, may not seek to construct such a demographically correct jury. See *Commonwealth* v. *Soares*, 377 Mass. 461, 481-482, cert. denied, 444 U.S. 881 (1979).

[5]Neither the dissent here nor the Appeals Court gives any deference to the trial judge who was present and therefore in the best position to ascertain the validity of the challenge. They also ignore the fact that this judge was forced to make a decision without the guidance of the *Burnett* case, which was decided by this court after the defendant's trial took place. See note 1, *supra*.

Representativeness is assured in general by a truly comprehensive jury pool and a truly random selection from within it, with challenges on improper grounds excluded. That is why our cases have consistently stated that, before a peremptory challenge may be rejected, the judge must find that the challenging counsel's proffered explanation for the challenge, was "a sham," "pretext," or offered "in bad faith." This is strong language, but it is what we have always said, *Commonwealth* v. *Green*, 420 Mass. 771, 778 (1995), *Commonwealth* v. *Valentin*, 420 Mass. 263, 269 (1995), *Commonwealth* v. *Burnett*, 418 Mass. 769, 771 (1994), *Commonwealth* v. *Fryar*, 414 Mass. 732, 739 (1993), *Commonwealth* v. *Harris*, 409 Mass. 461, 467 (1991), *Commonwealth* v. *Soares, supra* at 491, see *Commonwealth* v. *Thomas*, 19 Mass. App. Ct. 1, 4 (1984), and I do not understand the court to be seeking to break new ground in this respect. The only difference we have is as to the application of this standard in this case — a matter which perhaps should not even have attracted this court's review, but once it has we are each of us bound to follow through and conclude what the facts of the case seem to compel.

I disagree with the court's application of our invariable rule to this case for two reasons. First, the reason offered by the defense counsel for his challenge seems to me not the least bit unusual or suspicious. He challenged the sole black juror on the ground that his wife worked in the Department of Social Services. It parses counsel's reasoning too fine to argue, as the Commonwealth does, that this circumstance is irrelevant because DSS deals with abused children while the victim in this case is an adult, although a mildly retarded adult. Concededly this would not have risen to the level of a challenge for cause, but as a ground for peremptory challenge there is nothing more ordinary than the striking of a juror on the ground that the juror's spouse, by reason of occupation or other relationship, may be overly inclined to sympathize with a party, a witness, or a victim in a case. See *Commonwealth* v. *Green, supra* at 774-775 (defense counsel concerned over fact that juror's father and brother were police officers); *Commonwealth* v. *Fruchtman*, 418 Mass. 8, 11, cert. denied, 513 U.S. 951 (1994) (allowed challenge to a woman whose husband was a police officer). If the potential juror's spouse had worked in a law enforcement agency would a challenge by a defense counsel have seemed the least bit remarkable?

Nonetheless, I agree that the concerns mentioned in the dissent to the Appeals Court's decision are sufficiently urgent that the trial judge was right to inquire of the reason for the challenge where it would eliminate the only black juror. *Commonwealth* v. *Curtiss,* 40 Mass. App. Ct. 350, 358 (1996) (Dreben, J., dissenting). But having inquired, I simply do not see what was wrong or suspicious or the least bit unusual about the reason given. The judge was entitled to be suspicious enough to have asked, but the answer given should have exhausted that suspicion.

Second, the judge, if he were going to disallow the challenge, should have stated that he believed counsel's reason for exercising his challenge was a pretext, a sham, or given in bad faith. These may be harsh terms, but they are exactly the terms that this court has insisted spell the limits of a trial judge's discretion. He is not free to disregard a challenge because he thinks it is merely inappropriate or overly picky, and certainly not because it will destroy the representativeness of the jury. The reason, the only reason we have allowed is that he finds that the grounds offered are a pretext, a sham, or given in bad faith, and that the real reason is a racial or other impermissible bias. The court refers to our decision in *Commonwealth* v. *Fruchtman, supra* at 15, that we shall defer to the trial judge's judgment on this matter, and so we shall, if that judgment is exercised on the correct standard. If the judge is willing to face the music and make the harsh judgment that the reason given[1] is a pretext for an improper racial reason, we shall defer to him. But if he is not, how can we be sure that he is employing the correct standard?

I respectfully dissent from the court's opinion only because,

---

[1] I am confirmed in my judgment that the judge did not believe the reason offered by the defense counsel to be a pretext for racial bias by his remark that: "I'm not accusing counsel of doing something improper in the sense that he should be admonished, but I am sensitive to the need for there to be a racial balance." While I do not believe that a racially motivated peremptory challenge necessarily rises to the level of a disciplinary violation, it is certainly improper. There would be a clear impropriety in providing the judge with a reason which is a "sham," "pretext," or "offered in bad faith." A finding of no impropriety suggests that the improper motivation the judge was required to find was absent. These remarks by the judge, together with his statement that the challenge was no more than "inappropriate under the circumstances," convince me that the judge was motivated by a desire to construct a representative jury and did not use the standard we all agree applies here.

in its indulgence of the judge's squeamishness on this score, the court fails to do what it should, that is to assure compliance with the standards we have set down to govern this matter and from which I do not understand the court to be departing.