## COMMONWEALTH *vs.* DEREK M. CAVOTTA.

No. 97-P-1418.

Worcester. November 10, 1999. - February 24, 2000.

Present: JACOBS, GREENBERG, & RAPOZA, JJ.

*Jury and Jurors. Constitutional Law,* Jury. *Practice, Criminal,* Challenge to jurors.

The record of a criminal proceeding, in which the defendant objected to the prosecutor's peremptory challenge of the only black member of the venire, did not demonstrate that the prosecutor challenged the prospective juror on any racially neutral ground and, where there was no basis to determine whether the stated reasons were bona fide, the case was remanded for a new trial. [637-640]

INDICTMENT found and returned in the Superior Court Department on August 4, 1994.

The case was tried before *Herbert F. Travers, Jr.,* J.

*Michael R. Schneider* for the defendant.

*Sandra P. Wysocki,* Assistant District Attorney, for the Commonwealth.

GREENBERG, J. In 1994, the defendant was convicted of various crimes committed in the apartment of an elderly Hispanic man. Among the errors the defendant assigns on appeal is his claim that the government improperly exercised one of its peremptory challenges to exclude the only available black juror from the venire. We conclude that the defendant has shown a violation of the principles of *Commonwealth* v. *Soares,* 377 Mass. 461, cert. denied, 444 U.S. 881 (1979), and its progeny, requiring a reversal of his conviction.

In the course of exercising his peremptory challenges, the prosecutor selected the only black juror in the venire. Trial counsel promptly objected, saying that "out of approximately forty or so jurors, the Commonwealth challenged the only black juror in this particular venire." That prompted the following

sidebar discussion between the judge, prosecutor, and trial counsel. The judge asked whether the defendant was black. Then he remarked that the defendant's surname sounded "Spanish." Trial counsel made the trenchant response that the defendant's father was a "Black American." That led the prosecutor to offer that he knew the defendant's family and that his surname is Italian. At this juncture, the judge stated that the genealogical discussion was going nowhere. He noted for the record "that [the defendant] is not particularly of dark complexion. He certainly is brown."[1]

The prosecutor then pointed out that the prospective juror had written something on her juror data form about "what she did at college" which led him to believe that she may not be competent to sit as a juror. He added that her hesitant response when her name was called by the session clerk indicated to him that she was having difficulty understanding what was happening in the courtroom. His remarks are reprinted in the margin.[2]

The judge said nothing concerning the prosecutor's perceptions of the juror's demeanor and made no explicit findings on the defendant's objections. Nor did the judge make any inquiry of the prospective juror. His last words on the subject were, "All right. I take no action over the objection." The prospective juror was excluded from the venire by reason of the prosecutor's exercise of the peremptory challenge.

The judge improperly allowed the juror's removal from the venire. "Although there is an initial presumption that the use of peremptory challenges is proper, this presumption may be rebutted by showing that (1) a pattern of conduct has developed whereby prospective jurors who have been challenged are members of a discrete group, and (2) there is a likelihood that

---

[1]At this point we think it bears repeating that a defendant "may object to race-based exclusions of jurors effected through peremptory challenges whether or not the defendant and the excluded jurors share the same race." *Powers* v. *Ohio*, 499 U.S. 400, 402 (1991). *Commonwealth* v. *Vann Long*, 419 Mass. 798, 806 (1995).

[2]The prosecutor said: "I can state this, Judge: Fully expecting this comment from the defense, I expected to challenge simply from what she put down on her statement as to what she did at college. I expected to challenge her. Then when she didn't answer the clerk, as if she was of the missing, she apparently wasn't, then she must have an accent. She might have difficulties understanding. She is going to have to understand what the interpreter is going to be — it was rather obvious she hesitated when the clerk called her name."

they are being excluded from the jury solely on the basis of group membership." *Commonwealth* v. *Vann Long*, 419 Mass. 798, 806 (1995). "In certain circumstances, a single peremptory challenge can be enough to rebut the presumption of proper use." *Commonwealth* v. *LeClair*, 429 Mass. 313, 319 (1999).

Confronted with a claim that a peremptory challenge is being exercised to exclude members of a discrete group, a judge "must determine whether to draw the reasonable inference that peremptory challenges have been exercised so as to exclude individuals on account of their group affiliation." *Commonwealth* v. *Soares*, 377 Mass. at 490. If the judge so determines, the challenging party must give the judge reasons justifying the use of a peremptory challenge which "pertain to the individual qualities of the prospective juror and not to that juror's group association." *Id.* at 491. It is for the trial judge, at that point, to decide whether the challenging party has satisfied his burden by determining whether the proffered reasons are "bona fide" or "sham excuses belatedly contrived to avoid admitting facts of group discrimination." *Id.* at 491, quoting from *People* v. *Wheeler*, 22 Cal. 3d 258, 282 (1978).

We will accord substantial deference, if supported by the record, to a trial judge's determinations that a prima facie showing of discriminatory intent has or has not been made and that there was or was not an adequate reason for the challenge. See *Commonwealth* v. *Mathews*, 31 Mass. App. Ct. 564, 569 (1991), cert. denied sub nom. *Mathews* v. *Rakiey*, 504 U.S. 922 (1992). Where, however, the trial judge fails to make a "meaningful evaluation of the reasons given by the challenging party," we consider the reasons given "on the basis of the record and without deference to the trial judge's ruling." *Id.* at 571.

While the trial judge did not explicitly find that there was a prima facie showing of discriminatory intent, the prosecutor, by offering an explanation for his challenge, appeared to implicitly acknowledge that the defendant had made such a showing. See *Commonwealth* v. *LeClair*, 429 Mass. at 319 (a single peremptory challenge may be sufficient to overcome the presumption of propriety). "Ordinarily, attitude, [bearing] and demeanor of a juror during voir dire may constitute a sufficient basis for peremptory removal." *Commonwealth* v. *Mathews, supra.* But see *Commonwealth* v. *Joyce*, 18 Mass. App. Ct. 417, 423-424 (1984). However, in this instance, no voir dire had taken place. The vague reference made by the prosecutor to something the

juror wrote on her juror data sheet also eludes appellate review.[3] It is true that the proffered reasons need not rise to the level of a causal challenge, but the opponent must give reasons which are "personal to the juror and not based on the juror's group affiliation." *Commonwealth* v. *Burnett*, 418 Mass. 769, 771 (1994), quoting from *Commonwealth* v. *Young*, 401 Mass. 390, 401 (1987). The prosecutor's somewhat oblique remark about the juror's accent failed to constitute a " 'clear and reasonably specific' explanation" (citation omitted). *Batson* v. *Kentucky*, 476 U.S. 79, 98 n.20 (1986). So far as the case before us is concerned, the record is devoid of any information supporting what may have led the prosecutor to believe that the prospective juror had problems affecting her ability to serve.

The difficulty in this case is that the record does not support the view that the prosecutor challenged the prospective juror on any racially neutral ground. See *Commonwealth* v. *Fryar*, 414 Mass. 732, 739 (1993). The explanation given was very attenuated, and we cannot fill in the blanks. After hearing the prosecutor's explanations, the judge should have decided whether the reasons given were adequate to sustain the challenge and made findings. See *Commonwealth* v. *Burnett*, 418 Mass. at 771. As it stands, we cannot determine whether they were bona fide or a sham.[4]

In view of the absence of more precise information on the

---

[3]We are informed by the clerk-magistrate of the Superior Court in Worcester that the original juror questionnaire forms on this case have not been preserved.

[4]*Commonwealth* v. *Burnett*, 418 Mass. at 771-772, decided after the trial here, made explicit the requirement that trial judges must make findings "as to whether the initial prima facie showing of impropriety was established and specifically to determine whether the reasons advanced by the exercising party were 'bona fide or a mere sham.' " *Commonwealth* v. *Curtiss*, 424 Mass. 78, 81 (1997) (citation omitted). If the required procedures are not followed, the trial judge's conclusions are not given "due deference." *Commonwealth* v. *Burnett, supra* at 772.

Prior to the *Burnett* decision, when the issue of improper peremptory challenge was raised, "the trial judge [was required to] make a determination, preferably with findings, whether the requisite prima facie showing of impropriety [had been] made." *Commonwealth* v. *Mathews*, 31 Mass. App. Ct. at 569, and cases cited. Prior decisions also required that, if a race neutral reason was offered, the trial judge was required to "proceed to determine the sufficiency of any justification advanced for the exercise of the challenge." *Ibid.* Further, as we have noted, *supra* at 638, when the trial judge did not make a "meaningful evaluation of the reasons given," the trial judge's conclusions were reviewed "on the basis of the record and without deference to the

prosecutor's rationale for exercising a peremptory challenge and where the defendant made a sufficient showing of impropriety, the jury selection process violated the defendant's State and Federal constitutional rights to be tried by a fair and impartial jury. Such an error in jury empanelment is of constitutional dimension and is prejudicial per se. See *Commonwealth* v. *Soares*, 377 Mass. at 492.

The defendant, on appeal but without objection at trial, claims that the judge committed reversible error in his failure to allot the requisite number of peremptory challenges in accordance with Mass.R.Crim.P. 20(c)(1), 378 Mass. 890 (1979) (requiring twelve peremptory challenges in the trial of an indictment for a crime punishable by life imprisonment). Deciding as we do, we have no need to discuss that claim of error. The defendant also posited a claim of ineffective assistance of counsel. We have examined the record and conclude that it is without merit.

The judgment is reversed, the verdict set aside, and the case is remanded for a new trial.

*So ordered.*

---

trial judge's ruling." *Commonwealth* v. *Mathews*, *supra* at 571. Under these circumstances, we think it obvious that prior decisions foreshadowed the *Burnett* decision and that the trial judge should have known that findings or rulings were required. See *Lumbermens Mut. Cas. Co.* v. *Y.C.N. Transp. Co.*, 46 Mass. App. Ct. 209, 213-214 (1999). In any case, the trial judge's conclusions here are not supported by the record.