## COMMONWEALTH vs. EDWARD SARMANIAN, JR.

Suffolk. September 4, 1997. - January 8, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Assistance of counsel, Instructions to jury, Capital case. *Constitutional Law,* Assistance of counsel. *Homicide. Intoxication.*

In a murder case, the judge did not err in denying the defendant's motion for new trial based on a claim of ineffective assistance of counsel, where counsel had been vigorous in pursuing the defendant's claim of an intoxication defense, where testimony from an additional uncalled witness would only have been cumulative of other evidence regarding the defendant's intoxication, and where there was no basis for an assertion that defense counsel should have recused himself to testify to corroborate the state of the defendant's intoxication. [406-408]

At a murder trial, there was no error in the judge's instructions, read as a whole, on extreme atrocity or cruelty or voluntary intoxication, and defense counsel's failure to object to the instructions did not constitute ineffective assistance of counsel. [408-409]

INDICTMENT found and returned in the Superior Court Department on December 8, 1987.

The case was tried before *Sandra L. Hamlin,* J., and a motion for a new trial was heard by her.

*John R. Campbell (Wayne Stewart* with him) for the defendant.

*Eric Neyman,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. Convicted of murder in the first degree by reason of extreme atrocity or cruelty, the defendant, Edward Sarmanian, Jr., appeals. The defendant also appeals from an order denying his motion for a new trial based on ineffective assistance of counsel. On appeal the defendant claims that counsel was ineffective for failing to call additional witnesses on the issue of his mental capacity due to drug and alcohol intoxication as well as for failing to object to the judge's instructions. For

the reasons stated in this opinion we affirm both the defendant's conviction and the order denying a new trial. We decline to exercise our power under G. L. c. 278, § 33E, in the defendant's favor to order a new trial or enter a verdict of a lesser degree of guilt.

1. *Facts.* On November 29, 1987, the defendant stabbed the victim thirty-nine times, causing severe internal wounds. The victim also had a number of defensive wounds. A neighbor who knew the defendant heard a woman scream, "Please do not hurt me." The neighbor looked out the window, saw the defendant and asked, "What's going on?" The defendant replied, "Don't worry, go back to bed. I'll get out of here." The neighbor heard another noise and went to the area where he had heard voices. The neighbor found blood, a blood-soaked sweater, and drag marks leading to a chain link fence. The neighbor called police.

At approximately 6 A.M., an apartment complex resident saw the defendant's automobile backed up to a trash dumpster and a man emptying the contents of the trunk into the dumpster. Police responding to the apartment complex saw the defendant standing near the open trunk of his car, blood on the defendant's clothing, and a trail of blood to one of the dumpsters. In the dumpster they found the victim's body rolled up in a rug. In the defendant's automobile the police found a knife. Blood was on the knife, the car's steering wheel and gear shift, and the carpeting in the car's trunk. The defendant was arrested.

2. *Failure to investigate and call additional witnesses.* The defendant contends that the judge erred in denying his motion for a new trial because his trial counsel failed to conduct an investigation[1] and failed to call additional witnesses to bolster his defense that he was so intoxicated on drugs and alcohol that he was unable to form the requisite intent needed for deliberately premeditated murder, for murder committed with extreme atrocity or cruelty, and for malice aforethought. The defendant claims that the additional witnesses would have bolstered his claim of intoxication, and therefore he was denied the effective assistance of counsel.

A defendant convicted of murder in the first degree is entitled to review under G. L. c. 278, § 33E, which "is more favorable to a defendant than is the constitutional standard for determin-

---

[1]Defense counsel did not testify at the motion for a new trial. Thus, there is no evidence as to trial counsel's pretrial preparation. See, e.g., *Commonwealth v. Bertrand*, 385 Mass. 356, 364-366 (1982).

ing the ineffectiveness of counsel . . . . In reviewing each claim of the ineffectiveness of trial counsel, therefore, we shall consider whether there was an error in the course of the trial (by defense counsel, the prosecutor, or the judge) and, if there was, whether that error was likely to have influenced the jury's conclusion." *Commonwealth* v. *Wright*, 411 Mass. 678, 682 (1992).

In the present case, defense counsel cross-examined the Commonwealth's witness as to the defendant's intoxication. He also called the defendant's nephew, who saw the defendant both before and after the crime, as a witness to the defendant's intoxication. Defense counsel called an expert to testify as to the defendant's intoxication and its effect on the defendant's mental state. Defense counsel also offered as evidence hospital records that showed that two days after the crime the defendant still tested positive for drugs. In his summation, defense counsel argued that the extreme intoxication of the defendant precluded a conviction on murder in the first or second degree. Defense counsel was vigorous in pursuing the defendant's claim of an intoxication defense.

Relying on *Montgomery* v. *Petersen*, 846 F.2d 407, 413 (7th Cir. 1988), the defendant contends that because there were additional witnesses who would have bolstered his claim of intoxication, defense counsel's failure to call these witnesses amounted to ineffective assistance of counsel. The defendant's reliance on *Montgomery* is misplaced. There, unlike the present case, counsel did not investigate the defendant's alibi. Counsel had been given but did not investigate a timed receipt which, if believed by the jury, would have exonerated the defendant. Had defense counsel in *Montgomery* offered the documentary evidence, the jurors would have had to either believe the defendant's alibi and acquit, or disbelieve the document and the defendant and convict. In the *Montgomery* case, the uninvestigated evidence was not cumulative but potentially dispositive. In the instant case, the evidence from additional witnesses on the defendant's intoxication would have been cumulative, not dispositive.

The defendant also argues that trial counsel, who visited the defendant in jail, should have recused himself so that he could be a witness and corroborate the defendant's intoxication defense. This argument is unpersuasive. The defendant failed to provide any basis for his assertion that counsel observed the

defendant intoxicated. Even assuming that there were such evidence, counsel's observations were marginally relevant, as he saw the defendant approximately twelve hours after the defendant's arrest. There was no error. Thus, the judge correctly denied the motion for a new trial based on the failure to call the additional witnesses.

3. *Instructions to the jury.* The defendant also claims counsel was ineffective because he failed to object to the judge's instructions. In considering the judge's instructions we look to the entire charge. See *Commonwealth* v. *Torres,* 420 Mass. 479, 490 (1995). Generally, we do not require trial judges "to deliver their instructions in any particular form of words, so long as all necessary instructions are given in adequate words." *Commonwealth* v. *Sinnott,* 399 Mass. 863, 878 (1987).

a. Cunneen *factors.* The defendant first claims error in the instructions based on *Commonwealth* v. *Hunter,* 416 Mass. 831 (1994). In *Hunter, supra* at 836-837, we ruled that the Commonwealth must prove one of the *Cunneen* factors. See *Commonwealth* v. *Cunneen,* 389 Mass. 216 (1983). In the defendant's case, the judge did not tell the jury that the Commonwealth must prove one of the *Cunneen* factors. Rather, the judge used the word "may," and did not limit the jurors' consideration solely to the *Cunneen* factors. The *Hunter* case, however, is not retroactive. See *Commonwealth* v. *Goudreau,* 422 Mass. 731, 736 (1996); *Commonwealth* v. *Semedo,* 422 Mass. 716, 727 (1996).

b. *Voluntary intoxication.* The defendant next asserts that the judge did not instruct the jurors on how voluntary intoxication relates to extreme atrocity or cruelty. The jury was instructed that they could consider the effects of the defendant's intoxication in determining whether the Commonwealth has met its burden of proof beyond a reasonable doubt on the issues of the defendant's state of mind as to deliberate premeditation, extreme atrocity or cruelty, and malice. See *Commonwealth* v. *James,* 424 Mass. 770, 789-790 (1997) (all that is required is an instruction that "the jury may consider . . . the defendant's consumption of [alcohol or drugs or both] in deciding whether the Commonwealth had met its burden of proving the defendant's state of mind beyond a reasonable doubt"). See also *Commonwealth* v. *Costa,* 414 Mass. 618, 628 (1993). The judge instructed the jurors several times that they could consider the effect of the defendant's intoxication on his state of mind. There was no er-

ror. Read as a whole, the instructions do not create a substantial likelihood of a miscarriage of justice.[2]

4. *Relief pursuant to G. L. c. 278, § 33E.* We have reviewed the record and conclude there is no reason to reduce the verdict to a lesser degree of guilt or order a new trial.

*Judgment affirmed.*

*Order denying motion for a new trial affirmed.*

---

[2]The defendant makes several other claims regarding the jury instructions, all of which are without merit. The defendant argues that the judge erred by instructing that malice may be inferred without intent to kill or do grievous bodily harm. There was no error in that instruction. "[M]alice aforethought may be inferred if, in the circumstances known to the defendant, a reasonably prudent person would have known that according to common experience there was a plain and strong likelihood that death would follow the contemplated act." *Commonwealth* v. *Grey*, 399 Mass. 469, 470 n.1 (1987). "Malice aforethought simply does not require any actual intent to kill or to do grievous bodily harm." *Commonwealth* v. *Starling*, 382 Mass. 423, 428 (1981).

The defendant next claims that the instructions were unconstitutional because the judge used the words "moral certainty." There was no error. See *Commonwealth* v. *Pinckney*, 419 Mass. 341, 345 (1995).

Last, the defendant's claim of error on the instructions on presumption of innocence does not rise to the level of appellate argument. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). In any event, there was no error and no substantial likelihood of a miscarriage of justice in the instruction.