Doerfer, J.
INTRODUCTION
Plaintiff Frederick B. Fink brought the present action against defendant Sylvia LaSelva for money had and received. In a Memorandum of Decision and Order *366 dated August 19, 1998, this Court denied Fink’s motion for summary judgment and entered judgment for LaSelva on the ground that Fink’s claim for the $55,539 allegedly wrongfully retained by LaSelva was barred by the doctrine of res judicata. Fink now moves this Court pursuant to Super. Ct. R. 9D for reconsideration of its August 19, 1998 decision. For the reasons discussed below, the plaintiffs motion for reconsideration is ALLOWED.
BACKGROUND
Plaintiff Frederick Fink (Fink) and Frederick LaSelva (Frederick) were business partners and the principals and sole shareholders of MEM, Inc., an office supply and stationery company. Each man held 50% of MEM’s stock. Under declaration of trust dated March 31, 1982, they created the Province Street Trust to purchase, develop, lease and operate commercial office space, MEM’s office, on Washington Street in Boston. Frederick was the sole trustee while Fink and Frederick were co-beneficiaries. The declaration of trust provided that no beneficial interest could be transferred without the written consent of all other outstanding beneficial interests. Fink and Frederick were also co-beneficiaries of the Canton Centre Trust, which held title to two condominium units constituting MEM’s warehouse facilities. Fink was a personal guarantor of a mortgage on the condominiums.
In October of 1988, with Frederick being investigated on federal extortion charges, Fink asked Frederick to buy him out of MEM and the Canton Centre Trust. Shortly before negotiations commenced, on September 15, 1988, Frederick transferred his 50% beneficial interest in the Province Street Trust to his wife, defendant Sylvia LaSelva (LaSelva). This assignment was not recorded until July 5, 1989, when Frederick filed a trustee’s certificate.
In December of 1988 and January of 1989, Fink and Frederick entered into a purchase and sale agreement in which Frederick agreed to purchase Fink’s interest in the Canton Centre Trust property for $284,000 and grant Fink a security interest in said property. The agreement also provided that Frederick would indemnify and hold Fink harmless in the event that the mortgagee foreclosed on the property. The men also entered into a purchase and sale agreement for MEM which provided that Frederick would pay Fink $5,000 for his entire stock interest, and that Fink’s security interest in the Canton Centre Trust property was security for the MEM stock buy-out as well.
In January of 1990, due to Frederick’s impending incarceration on a federal extortion conviction, Fink agreed to allow Frederick to withdraw as trustee of the Province Street Trust and to be replaced by Fink and LaSelva as co-trustees. LaSelva also served as controller, collecting rents from tenants and paying dividends to the beneficiaries. Between January of 1990 and December of 1995, LaSelva paid out half of Province Street Trust’s net profits to herself, a sum in excess of $55,539.
In April of 1990, Frederick breached the Canton Center Trust purchase and sale agreement by failing to make the necessary payments to Fink. As a result, Fink was forced to pay the mortgagee and other creditors in excess of $163,000 and incurred $85,000 in legal fees. Accordingly, Fink filed the present action seeking to recover approximately $500,000 from Frederick and to set aside as fraudulent the September 15, 1988 transfer of Frederick’s 50% beneficial interest in the Province Street Trust to LaSelva. [1]
In March of 1991, Frederick filed a voluntary Chapter 7 petition in Bankruptcy Court, Case No. 91-11632-JNF, and a suggestion of bankruptcy was filed in this case on March 5, 1991. Frederick was discharged from bankruptcy on August 5, 1991. However, the trustee in bankruptcy, Joseph Butler, commenced an adversary proceeding against Frederick and LaSelva in August of 1993 to set aside numerous alleged fraudulent conveyances, including the September 1988 Province Street Trust assignment. The bankruptcy trustee settled the adversary proceeding against the LaSelvas in November of 1995. Under the terms of the LaSelva Settlement, LaSelva transferred her 50% beneficial interest in the Province Street Trust, and Frederick transferred any residual interest he possessed in the Trust, to the bankruptcy trustee. LaSelva also resigned as co-trustee of the Trust.
Thereafter, in December of 1995, Fink and the bankruptcy trustee entered into a Stipulation and Agreement regarding Fink’s claims against the bankruptcy estate. Under this settlement (the Fink settlement), Fink’s claim was allowed as a general, unsecured claim for $411,000, and Fink agreed to release his attachment on the Washington Street property and pay the bankruptcy trustee $50,000. In exchange, the bankruptcy trustee transferred to Fink the estate’s 50% beneficial interest in the Province Street Trust. The LaSelva settlement and the Fink settlement were approved by the Bankruptcy Court (Feeney, J.) on February 27, 1996.
In February of 1997, this Court (Cowin, J.) allowed Fink to file a Supplemental Complaint in the present action, alleging a count for money had and received for the $55,539 LaSelva disbursed, as trustee of the Province Street Trust, to herself as co-beneficiary of the trust between January of 1990 and December of 1995. In September of 1997, LaSelva filed a counterclaim seeking costs and fees under G.L.c. 231, §6F in Count I and alleging abuse of process in Count II. On January 16, 1998, Fink moved for summary judgment on his complaint. In a Memorandum of Decision and Order dated August 19, 1998, this Court denied Fink’s motion for summary judgment and entered judgment in favor of LaSelva on the ground that the LaSelva and *367 Fink settlements in the Bankruptcy Court constituted res judicata with respect to Fink’s claim that the September 15, 1988 assignment of Frederick’s 50% interest in the Province Street Trust to LaSelva was invalid such that LaSelva wrongfully received the $55,539 in trust profits. In so deciding, this Court concluded that the bankruptcy trustee and Fink had identical interests in the settling of Fink’s claim.
Meanwhile, on July 22, 1998, Frederick and LaSelva moved for sanctions against Fink in the bankruptcy case, No. 91-111632-JNF, for allegedly violating the automatic stay and discharge injunction in those proceedings. In a Memorandum of Decision and Order dated October 22, 1998 denying such sanctions, the Bankruptcy Court (Feeney, J.) found:
the various stipulations between the parties did not address, let alone resolve, issues surrounding 1) the validity and extent of Fink’s attachment against the Province Street Trust, which attachment was never formally challenged by the Trustee; and 2) entitlement to the dividends obtained by Sylvia LaSelva when she purportedly owned a 50% beneficial interest in the Province Street Trust pursuant to the unrecorded assignment of the Debtor’s 50% beneficial interest.
Moreover, although the Trustee states in his affidavit that he intended to release his claim against Sylvia LaSelva for the dividends she received from the Province Street Trust, there is nothing in his Complaint or the Court’s orders to document that contention. Because the Debtor’s transfer of his 50% beneficial interest in the Province Street Trust to the Trustee as part of the settlement of Adv. P. No. 93-1128 obviated the necessity of such a ruling — Fink’s claim against Sylvia LaSelva for monies had and received was more than colorable at the time he filed his Supplemental Complaint against her in the Norfolk Superior Court.
Accordingly, Fink now moves for reconsideration of this Court’s August 19, 1998 Memorandum of Decision and Order.
DISCUSSION
Where there has been no material change in circumstances, a court is not bound to reconsider a case, issue, or question of law once decided. Peterson v. Hopson, 306 Mass. 597, 599 (1940); King v. Globe Newspaper Co., 400 Mass. 705, 707, cert. den., 485 U.S. 940 (1987). Although the court has the power prior to final judgment to reconsider an interlocutory ruling, such power should be exercised only where there are compelling reasons to do so, and a judge should hesitate to undo his own work. Peterson v. Hopson, supra at 603; King v. Globe Newspaper Co., supra at 707-08.
This Court has no duty to reconsider its prior ruling based on the Bankruptcy Court’s finding, in the context of a motion for sanctions for violating the automatic stay, that the LaSelva and Fink settlements did not resolve Fink’s claim against Sylvia LaSelva for the $55,539 in trust profits she received. Nonetheless, the Bankruptcy Court judge was in a superior position to discern the scope of the prior litigation and her comments, as brought to this Court’s attention, constitute a compelling reason to take a fresh look at the issue of res judicata in the present case. It is most important for a judge to do justice according to his oath and his conscience and where further reflection convinces him that he has erred in an announced decision, he ought to correct it while he still has the power. Sheriff v. Gillow, 320 Mass. 46, 49 (1946); Franchi v. Stella, 42 Mass.App.Ct. 251, 258, rev. den., 424 Mass. 1109 (1997).
I. RES JUDICATA REVISITED
Fink contends that his claim for monies had and received is not precluded by the prior adversary proceeding in the Bankruptcy Court because he was not in privity with the bankruptcy trustee with respect to said claim. A trustee in bankruptcy is a fiduciary representing the estate and creditors. In re Medomak Canning, 922 F.2d 895, 901 (1st Cir. 1990); Petitioning Creditors of Melon Produce v. Braunstein, 112 F.3d 1232, 1240 (1st Cir. 1997). “In order efficiently to administer the estate, a trustee’s court-approved settlement must have finality, and settling parties must be assured that those the trustee represents will not relitigate settled claims.” In re Medomak Canning, supra at 901. For purposes of res judicata, privily may be established by identification of interests, even where representation of those interests is not authorized. Id.; Petitioning Creditors of Melon Produce v. Braunstein, supra at 1240. A bankruptcy trustee acts as the virtual representative of creditors for the purposes of settling common claims possessed by the estate. Thus, for example, unsecured creditors are in privity with the bankruptcy trustee for purposes of compromising equitable subordination claims. In re Medomak Canning, supra at 901-03; Petitioning Creditors of Melon Produce v. Braunstein, supra at 1240.
Nonetheless, there may be claims that are personal to a particular creditor with respect to which the bankruptcy trustee cannot represent the creditor’s interest. In the context of a statutory receiver, the SJC has noted that a receiver may prosecute claims on behalf of creditors in order to preserve the insolvent company’s assets, but may not maintain such a suit in a representative capacity if it is strictly personal in nature to an individual creditor. In the Matter of the Liquidation of American Mutual Liability Ins. Co., 417 Mass. 724, 731 (1994). The Court explained:
The dividing line is whether the cause of action is one which is purely personal, in which no other claimant or creditor of the corporation has an interest, or whether the cause of action is one in favor of creditors in general. . . Where the injury alleged *368 is primarily to the corporation, and is an injury to the plaintiff creditor only insofar as it decreases the assets qf the corporation to which he must look for satisfaction of his debt, then the suit is for a tort suffered by the corporation, and properly brought by the trustee; if there is a special damage to the creditor suing, not common to other creditors, then it is a personal creditor action which the trustee may not pursue.
Id. at 733, citing In re W. World. Funding, Inc., 52 B.R. 743, 774-75 (Bankr. D. Nev. 1985).
In the present case, the bankruptcy trustee represented all of Frederick LaSelva’s creditors in the adversary proceeding insofar as they had a common interest in avoiding allegedly fraudulent transfers, including the September 15, 1988 Province Street Trust assignment, which decreased the assets of the estate. However, Fink’s present claim for money had and received involves an injury personal to him as the beneficiary of the trust to whom a fiduciary duty was allegedly owed, and as a secured creditor with a purported attachment on trust proceeds. The alleged injury is unique to Fink, rather than common to all creditors and therefore, the bankruptcy trustee did not represent Fink’s interest in this regard during the adversary proceedings. Compare In re Dommelli, 820 F.2d 313, 318 (9th Cir. 1987) (noting that if state law provided petitioner with a private cause of action for usury, then bankruptcy trustee’s settlement with debtor on estate’s usury claim would not constitute res judicata). This conclusion comports with Judge Feeney’s finding that the LaSelva and Fink settlements simply did not address Fink’s entitlement to the dividends obtained by Sylvia LaSelva when she purportedly owned a 50% beneficial interest in the Province Street Trust. Hence, Fink’s present action for money had and received is not barred by the prior bankruptcy proceedings of debtor Frederick LaSelva. Accordingly, this Court will address the merits of Fink’s summary judgment motion.
II. FINK’S CLAIM FOR MONEY HAD & RECEIVED
The right to recover in an action for money had and received does not depend upon privily of contract. Flavin v. Morrissey, 327 Mass. 217, 220 (1951). Rather, such an action lies whenever there is money which should not in justice be retained by the defendant and which in equity and good conscience should be paid to the plaintiff. Stone & Webster Engineering Corp. v. First National Bank & Trust Co., 345 Mass. 1, 4 (1962); Blue Cross of Massachusetts Inc. v. Travaline, 398 Mass. 582, 588 (1986). Money allegedly obtained through fraud or misrepresentation may be recovered back in an action for money had and received. Evatt v. Willard D. Martin, Inc,, 302 Mass. 414, 417 (1939).
1. Claim as 50% Beneficiary of Province Street Trust
Fink contends that LaSelva wrongfully obtained $55,539 in profits as the purported owner of a 50% beneficial interest in the Province Street Trust (the Trust), money to which he is entitled. Fink argues that the purported transfer of the beneficial interest from Frederick to LaSelva was legally ineffective and that despite her awareness of the same, LaSelva fraudulently distributed 50% of the trust profits to herself in breach of her fiduciary duty as co-trustee of the Trust. Alternatively, Fink argues that even if the assignment was valid, he has an attachment on Frederick’s 50% beneficial interest which is superior to LaSelva’s unperfected security interest therein.
The Assignment Agreement at issue provided in relevant part:
FRED agrees to pay all monthly expenses on the REAL ESTATE (the LaSelva residence at 191 Farm Road, Milton) from his funds. The monthly expenses shall include, but shall not be limited to, the monthly mortgage payments, real estate taxes, insurance, repairs, maintenance and capital improvements . . .
FRED agrees to secure his payment of the monthly expenses by assigning to SYLVIA all of his right, title and interest as a beneficiary of THE PROVINCE STREET TRUST, created under a Declaration of Trust dated March 31, 1982, recorded with the Suffolk County Registry of Deeds in Book 9931, Page 504. FRED shall instruct the Trustee of THE PROVINCE STREET TRUST, in writing, to pay the net monthly proceeds to which FRED is entitled to SYLVIA.
Fink’s argument that this agreement evidences a lack of valid consideration need not be addressed, in light of a more fundamental problem. A beneficiary of a trust may freely assign his interest therein absent trust language restricting or prohibiting such alienation. Bank of New England v. Strandlund, 402 Mass. 707, 709-10 (1988). Paragraph 1 of the Province Street Trust states that “No beneficial interest hereunder may be transferred without the prior written consent of all other outstanding beneficial interests." It is undisputed that Fink did not consent in writing to the transfer of Frederick’s 50% beneficial interest to Sylvia LaSelva. Accordingly, the assignment was not valid.[2]
Nonetheless, this Court concludes that Fink has no reasonable expectation of prevailing at trial on his claim for money had and received as a 50% beneficiary of the Trust. No action for money had and received lies where the plaintiff fails to demonstrate that he is entitled to the money in the defendant’s hands. Stone & Webster Engineering Corp. v. First National Bank & Trust Co., supra at 4; Blue Cross of Massachusetts Inc. v. Travaline, supra at 588. The invalidity of the purported assignment of Frederick’s 50% beneficial interest in the trust to LaSelva does not entitle Fink to that portion of the profits. If the assignment was invalid, then Frederick remained a 50% beneficiary of the Trust and after March of 1991, his share of the profits belonged to the bankruptcy estate. At no time prior to *369 the December 1995 bankruptcy settlement was Fink more than a 50% beneficiary of the trust, entitled to half of the trust profits. This Court concludes that Fink has failed to demonstrate that the trust profits wrongfully paid to LaSelva should in equity and good conscience be paid to him.
However, Fink further argues that by distributing to herself 50% of the trust profits pursuant to the invalid assignment, LaSelva breached the fiduciary duty owed to him as a co-beneficiary. Fink thus contends that this Court should impose a constructive trust in his favor on the $55,539 received by LaSelva. As a co-trustee of the Trust, LaSelva had a fiduciary duty of honesty and undivided loyalty to Fink as a co-beneficiary of the trust. See Gagnon v. Coombs, 39 Mass.App.Ct. 144, 154-56, rev. den., 421 Mass. 1106 (1995); Shear v. Gabovitch, 43 Mass.App.Ct. 650, 682, rev. den., 426 Mass. 405 (1997). A fiduciary at all times owes a beneficiary a duty of full disclosure. Sher v. Sandler, 325 Mass. 348, 353 (1950). Fink thus argues that LaSelva’s transfers as co-trustee of the Trust of half the profits to herself as beneficiary without informing Fink of the unauthorized assignment of Frederick’s 50% interest constituted a breach of her fiduciary duty to him.
Assuming without deciding that LaSelva did indeed breach her fiduciary duty to Fink, this Court nonetheless concludes that he is not entitled to the imposition of a constructive trust in his favor. Under Massachusetts law, a court will declare one party a constructive trustee of property for the benefit of another if he acquired the property through fraud, mistake, breach of fiduciary duly, or in other circumstances indicating that he would be unjustly enriched at the other’s expense. Kelly v. Kelly, 358 Mass. 154, 156 (1970). A constructive trust thus restores to the beneficiary that of which he has been deprived by the fiduciary’s breach of her duty. Sher v. Sandler, 325 Mass. 348, 353 (1950); Fortin v. Roman Catholic Bishop of Worcester, 416 Mass. 781, 789 (1994); Judge v. Gallagher, 17 Mass.App.Ct. 636, 643, rev. den., 392 Mass. 1102 (1984). Fink, however, has simply failed to demonstrate any specific damages suffered by him as a result of LaSelva’s improper distribution of the trust profits to herself. Compare Judge v. Gallagher, supra at 643 (concluding that where defendant breached fiduciary duty to plaintiffs by depriving them of an opportunity to invest in certain stock at a reduced rate, the remedy was to award the plaintiffs the value of said stock); Gagnon v. Coombs, supra at 159 (concluding that where trustee breached fiduciary duty by conveying trust property to herself, remedy was to impose constructive trust and order reconveyance of property to beneficiary).
This Court does not doubt that the distribution of the proceeds to LaSelva, rather than to Frederick and the subsequent bankruptcy estate, may have injured the Trust and Fink as a 50% beneficiary thereof; however, Fink has failed to meet his burden of producing evidence to establish the amount of such injury. In order to prevail in this action, Fink must demonstrate not just that LaSelva was unjustly enriched by her breach of fiduciary duty, but that she was enriched in a particular amount at Fink’s expense. Accordingly, Fink is not entitled to judgment as a matter of law on his supplemental complaint for money had and received with respect to any claim in his capacity as a 50% beneficiary of the Trust.
2. Claim as Successor to Frederick’s 50% Beneficial Interest
As of the date of the present summary judgment motion, Fink held 100% of the beneficial interest in the Trust as result of the LaSelva and Fink settlements in the bankruptcy proceeding. As discussed above, the purported September 15, 1988 assignment of Frederick’s 50% interest in the Province Street Trust to LaSelva violated the terms of the Trust, which required the written consent of the other beneficial interests prior to any such transfer, and was therefore invalid. Accordingly, Frederick remained a 50% beneficiary of the Trust and after March of 1991, his share of the profits belonged to the bankruptcy estate. It is undisputed that both Frederick and LaSelva transferred any rights they might have had in the other 50% beneficial interest in the Trust to the bankruptcy trustee as part of the LaSelva settlement. In turn, the bankruptcy trustee sold the estate’s 50% beneficial interest in the Trust to Fink in December of 1995.
LaSelva argues, based on the January 8, 1998 affidavit of bankruptcy trustee Joseph Butler, that any claim by the bankruptcy estate in the $55,539 received by her as a purported beneficiary of the Trust was dismissed with prejudice as part of the LaSelva settlement, and thus could not have been transferred to Fink in the later Fink settlement. However, according to Judge Feeney, who presided over the bankruptcy case and approved the settlements at issue, the resolution of the adversary proceeding simply presented no occasion to pass on the validity of the purported assignment and LaSelva’s receipt of 50% of the profits. This Court must defer to the determination of the bankruptcy judge concerning the scope of the litigation rather than to the subjective opinion of the trustee. Thus, Fink is indeed the owner of Frederick’s 50% beneficial interest in the trust and his right to the $55,539 in profits wrongfully distributed to LaSelva. Whether viewed as funds obtained by deceit or funds merely mistakenly paid to the wrong party, the $55,539 is money which in equity and good conscience should be paid to the plaintiff. See Stone & Webster Engineering Corp. v. First National Bank & Trust Co., supra at 4; Blue Cross of Massachusetts Inc. v. Travaline, supra at 588. Thus, Fink has met his burden of demonstrating that he is entitled as a matter of law to recover from LaSelva the $55,539 had and received.
*370 Finally, although there is no motion pending before the court, in the interests of judicial economy this Court will dispose of LaSelva’s counterclaim against Fink, Count I of which seeks legal fees and expenses pursuant to G.L.c. 231, §6F and Count II of which alleges abuse of process. Chapter 231 Section 6F provides in relevant part:
Upon motion of any party in any civil action ... the court may determine . . . that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith ... If such a finding is made with respect to a party’s claims, the court shall award to each party against whom such claims were asserted an amount representing the reasonable counsel fees and other costs and expenses incurred in defending against such claims. G.L.c. 231, §6F (1994).
Given that Fink has prevailed on his claim for money had and received, his pursuit of the supplemental complaint cannot be deemed insubstantial or frivolous. Accordingly, Sylvia is not entitled to recover fees and costs under Chapter 231, Section 6F.
Count II of the counterclaim alleges that Fink’s claim for money had and received lacked a basis in law or fact and was brought solely to cause LaSelva emotional and financial damage. To establish an action for abuse of process, the plaintiff must demonstrate that process was used for some ulterior purpose for which it was not designed or intended. Ladd v. Polidoro, 424 Mass. 196, 198 (1997). However, proof of groundlessness or lack of merit is not an essential element of an action for abuse of process. Dangel v. Offset Printing, Inc., 342 Mass. 170, 171 (1961); Fishman v. Brooks, 396 Mass. 643, 652 (1986). ‘To suffer an abuse of process is to suffer the consequences of legal actions which while having an adequate basis in law and fact are nonetheless manipulation by the defendant to secure a collateral advantage not within the scope of the law.” Britton v. Maloney, 981 F.Supp. 25, 55 (D.Mass. 1997). Accordingly, LaSelva’s counterclaim for abuse of process cannot be dismissed at this stage of the proceedings.
ORDER
For the foregoing reasons, it is hereby ORDERED that Fink’s motion for reconsideration be ALLOWED. Upon reconsideration, it is hereby ORDERED that Fink’s motion for summary judgment on the supplemental complaint be ALLOWED. It is further ORDERED that judgment enter in favor of Frederick B. Fink in the amount of fifty-five thousand, five hundred and thirty-nine dollars ($55,539.00) against Sylvia LaSelva.
It is hereby ORDERED that judgment enter in favor of Frederick B. Fink on Count I of Sylvia LaSelva’s counterclaim.

Other aspects of Fink’s claim are not relevant to the present motion.

Fink argues that because the assignment agreement did not contain a present intent to effect an assignment, it is merely a security interest, which LaSelva did not perfect and which is thus subordinate to Fink’s attachment. This Court need not address the parties’ arguments concerning the priority of their respective claims under the UCC because Fink’s assertion that he is a secured creditor with respect to Frederick’s 50% of the trust profits lacks merit. The November 30, 1990 Writ of Attachment provides for a $280,000 attachment in “Frederick LaSelva’s interest in the real estate at 333 Washington St., Unit 110.” This attachment as to real estate does not extend to the trust profits; pursuant to Mass.R.Civ.P. 4.1, property to be attached must be identified as specifically as possible in a writ of attachment.