The defendant was convicted, after a jury trial, of unlawful distribution of cocaine, G. L. c. 94C, § 32A(c ).[2] He raises three arguments on appeal. First, he argues that the trial judge abused his discretion in admitting a photograph because it had not been produced in discovery and the prosecutor had represented that it would not be used at trial. Next, he argues that it was an abuse of discretion to deny his motion to sever given the greater culpability of one of his codefendants, which he argues led him to be perceived as guilty by association. Finally, he argues that the evidence was insufficient to prove beyond a reasonable doubt that he was the person who sold drugs to an undercover police officer. We affirm.
In broad summary, the jury could have found that the defendant sold cocaine to an undercover police officer on two occasions, each of which took place in roughly the same manner. Both sales were arranged over the telephone between the officer and the defendant. The officer then drove to meet the defendant at the location the defendant had specified. Once the defendant was in the car, he told the officer to drive to a second location in order to obtain the drugs. The defendant spent a few minutes at the new location and then returned to the car, where he delivered cocaine to the officer.
The defendant's first argument concerns a photograph of the defendant the officer was shown before arranging the first drug transaction. The Commonwealth had not intended to use the photograph at trial because it expected that the officer would make an in-court identification of the defendant. However, apparently relying on Commonwealth v. Crayton, 470 Mass. 228 (2014), and Commonwealth v. Collins, 470 Mass. 255 (2014), the judge ruled that the officer would not be permitted to identify the defendant in court.[3] After (and in light of) this ruling, the Commonwealth sought to admit an enlarged, clear, color version of the photograph. Only a smaller, less clear, black and white version had been produced to the defendant before trial. The defendant argues that admission of the color enlargement in these circumstances was an abuse of discretion warranting reversal of his conviction.
The color photograph was undoubtedly relevant and, therefore, the Commonwealth was obligated to produce it in discovery. Mass.R.Crim.P. 14(a)(1)(A), as amended, 444 Mass. 1501 (2005). Even accepting that production of the smaller black and white version fell short of the Commonwealth's discovery obligation, it does not follow however that the judge was required to exclude the color version from evidence. Instead, the judge had latitude to determine whether a remedy was required and, if so, its scope. See Commonwealth v. Felder, 455 Mass. 359, 367 (2009), quoting from Mass.R.Crim.P. 14(c)(1), as appearing in 442 Mass. 1518 (2004) ("When the Commonwealth fails to comply with its discovery mandate, 'the court may make a further order for discovery, grant a continuance, or enter such other order as it deems just under the circumstances' "). At the time the black and white version was produced, the prosecutor did not expect to use the photograph at trial, and the defendant does not argue that-had that remained the case-he would have been prejudiced by the Commonwealth's production of the smaller black and white version in lieu of the enlarged color version. The production of the black and white version only became an issue once the Commonwealth sought to admit the color version at trial. The Commonwealth's changed position resulted from the judge's ruling excluding in-court identification by the officer; there is no suggestion that the Commonwealth withheld the color version to achieve a strategic advantage. Indeed, it is undisputed that the Commonwealth did not intend to use either version until the judge prohibited in-court identification of the defendant. Once that critical ruling issued, the litigation landscape changed significantly. In these circumstances, we cannot say that the judge abused his discretion by ordering disclosure (albeit during trial) of the color version and permitting the Commonwealth to introduce it.
The defendant also argues that the trial judge abused his discretion in denying the defendant's motion to sever. "Absent a constitutional requirement for severance, joinder and severance are matters committed to the sound discretion of the trial judge." Commonwealth v. Bienvenu, 63 Mass. App. Ct. 632, 637 (2005), quoting from Commonwealth v. McAfee, 430 Mass. 483, 485 (1999). "When criminal charges against two or more individuals 'arise out of the same criminal conduct,' it is presumed that those individuals will be tried together." Commonwealth v. Smith, 418 Mass. 120, 125 (1994), quoting from Mass.R.Crim.P. 9(b), 378 Mass. 859 (1979). "Severance is required only where the defense of a defendant and that of a codefendant are 'antagonistic to the point of being mutually exclusive,' or where 'the prejudice resulting from a joint trial is so compelling that it prevents [the] defendant from obtaining a fair trial.' " Bienvenu, 63 Mass. App. Ct. at 637, quoting from Commonwealth v. Suarez, 59 Mass. App. Ct. 111, 118 (2003). Here, the defendant conceded below that the defenses were not mutually antagonistic. Instead, he argued (and argues now) that prejudice flowed inevitably from the fact that one of his codefendants was accused of more serious offenses, including firearms offenses.
We discern no abuse of discretion in the judge's denial of the defendant's motion to sever. The drug sales that formed the bases of the charges against the defendant and the codefendants were the same, and involved the same participants and method of operation. The same witnesses' testimony was at issue, and the common core of facts overlapped among the defendants. That said, the defendant's role in the drug distribution chain was clearly different from his codefendants', and there was little risk that the jury would be confused or swayed by the codefendants' relative culpability. In addition, the trial judge reduced the possibility of potential prejudice by carefully instructing the jury that "[e]ach defendant is entitled to have his case determined solely from the credible evidence about his own conduct and statements." See Commonwealth v. Mendez, 476 Mass. 512, 520 (2017).
Finally, the defendant argues that the evidence was insufficient to prove beyond a reasonable doubt that he was the person who sold cocaine to the undercover officer. We view the evidence, and the reasonable inferences to be drawn from it, in the light most favorable to the Commonwealth. Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). Taken in that light, the evidence showed that the officer arranged two undercover purchases of cocaine from the person in the photograph he was given at the beginning of the undercover operation. The person in the photograph went by the name "Caballero." The jury were permitted to determine if the Anthony Caballero sitting before them in the court room was the "Caballero" shown in the photograph. See Commonwealth v. Vacher, 469 Mass. 425, 441 (2014) (jury permitted "to draw their own conclusions regarding the identity of the person depicted without the witness's assistance").
Judgment affirmed.

The judge allowed the defendant's motion for a required finding on a second charge of unlawful distribution of cocaine.

We have some doubt about the correctness of this ruling. See Commonwealth v. Dew, 478 Mass. 304 (2017).